UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OWEN ODDMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-1682 (CKK) |
| ) | |
| P.J. PATTERSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the Court upon review of Plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915A. Plaintiff, a Jamaican citizen imprisoned in the Federal Correctional Institution in Jessup, Georgia, alleges that Jamaica, the country's Prime Minister, and its consular officials have denied him access to the Jamaican consulate. Plaintiff's claim is based on Article 5 of the Vienna Convention, which details consular functions. *See* Multilateral Vienna Convention on Consular Relations and Optional Protocol on Disputes, art. 36, Dec. 14, 1969, 21 U.S.T. 77; *see also* Complaint, Attachment. He brings this action under the Alien Tort Claims Act, 28 U.S.C. § 1350 and seeks $10 million in damages.

Plaintiff has the burden of establishing federal jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.* is the sole basis for obtaining jurisdiction over a foreign state in this Court. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). Foreign sovereigns are immune from suit in the United States unless the action falls under one of the specific exceptions enumerated in the FSIA. *Price v. Socialist People's Libyan Arab Jamahiriya*, 389 F.3d 192, 196 (D.C. Cir. 2004). Under the FSIA, the foreign state has

" immunity from trial and the attendant burdens of litigation, and not just a defense to liability." *Foremost-McKeeson, Inc. v. Islamic Republic*, 905 F.2d 438, 443 (D.C. Cir. 1990).

The FSIA's exemptions to immunity from suit encompass actions where the foreign state has waived immunity, the suit involves commercial activity or property, or the foreign state has committed a tortious act. *See* 28 U.S.C. § 1605(a)(1)-(7). Plaintiff has not made any allegation that would lead the Court to conclude that the FSIA does not apply to the actions of the foreign state of Jamaica. As to the individually named defendants, "an official-capacity claim against a government official is in substance a claim against the government itself. . . . By definition, a damages judgment in an official-capacity suit is enforceable against the state itself (and only against the state)." *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1034 (D.C. Cir. 2004) (citation omitted). Morever, consular officers and employees are not subject to suit for acts performed in the exercise of consular functions. *See Park v. Shin*, 313 F.3d 1138, 1142 (9th Cir. 2002); *Koeppel & Koeppel v. Federal Republic of Nigeria*, 704 F.Supp. 521, 524 (S.D.N.Y. 1989).

28 U.S.C. §1915A(b)(2) provides that "as soon as practicable after docketing" the court shall dismiss a complaint that "seeks monetary relief from a defendant who is immune from such relief." Because the Court concludes that the Defendants are immune from suit under the FSIA, the case will be dismissed. A separate order accompanies this Memorandum Opinion.

                                                  _____
                                                  COLLEEN KOLLAR-KOTELLY
                                                  United States District Judge

DATE:   October 17, 2005